

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-1-2008

# USA v. Alvin Simmons, Jr.

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2129

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Alvin Simmons, Jr." (2008). *2008 Decisions*. Paper 928.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/928

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2129
_____

UNITED STATES OF AMERICA

v.

ALVIN R. SIMMONS, Jr.,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 04-cr-00278)
District Judge:  Hon. Donetta W. Ambrose
_____

Submitted Under Third Circuit LAR 34.1(a)
June 10, 2008

Before: AMBRO, CHAGARES, and GREENBERG, Circuit Judges.
_____
(Filed: July 1, 2008)
_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Alvin Simmons filed a pro se appeal from his sentence for bank fraud, and his

counsel has petitioned for permission to withdraw from representation under Anders v.

California, 386 U.S. 738 (1967).  For the reasons that follow, we will affirm Simmons'

sentence and will grant the Anders motion.

## I.

In 2003, Simmons obtained a fake identification document in Ohio and used it to

open a bank account in Pennsylvania.  He then deposited a check into the account that had

been drawn off of another, closed, bank account, and wrote checks and made withdrawals

from the fraudulently-opened account.  On October 26, 2004, a grand jury charged

Simmons with two counts of bank fraud, in violation of 18 U.S.C. § 1344, and one count

of fraud in connection with identification documents, in violation of 18 U.S.C. §

1028(a)(7).  On November 25, 2005, Simmons pled guilty to one count of bank fraud

pursuant to a written plea agreement that included an appellate waiver.  A pre-sentence

report determined Simmons' Sentencing Guidelines range to be 24-30 months.  On

February 27, 2006, the District Court sentenced Simmons to 24 months, the bottom of

that range.  Simmons subsequently filed a one-page, pro se appeal, and his counsel has

petitioned to withdraw and filed a supporting brief.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Evaluation of an Anders brief requires a twofold inquiry:  (1) whether counsel has

thoroughly examined the record for appealable issues and has explained why any such

2

issues are frivolous; and (2) whether an independent review of the record presents any nonfrivolous issues. See United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Where the Anders brief appears adequate on its face, our review is limited to the portions of the record identified in the brief, along with any issues raised by an appellant in a pro se brief. See id. at 301. We conclude that the brief in this case is adequate – indeed, it is exhaustive – and thus it will guide our independent review of the record.

As his counsel acknowledges, Simmons is precluded from bringing an appeal due to the waiver contained in his plea agreement. "Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001). Under the terms of Simmons' plea agreement, Simmons waived, inter alia, his right to appeal under 18 U.S.C. § 3742 or on any other grounds, subject to three exceptions: (1) Simmons could appeal in the event of a Governmental appeal; (2) Simmons could appeal if his sentence exceeded the statutory limits for his crime; or (3) Simmons could appeal if his sentence "unreasonably exceeds the guideline range determined by the [District] Court under the Sentencing Guidelines." (JA 17 (Plea Agmt. ¶ 6).)

A review of the Change of Plea hearing transcript demonstrates that the waiver was valid, knowing, and voluntary. The District Court had the appellate waiver provisions of the plea agreement read into the record during its Federal Rule of Criminal Procedure 11 colloquy and again reminded Simmons of the waiver provisions at

sentencing. Simmons does not indicate any reason why the waiver of appeal should not be enforced, and neither he nor his counsel identify any potential error amounting to a miscarriage of justice. Our independent review of the record yields no non-frivolous arguments that could possibly support an appeal in light of Simmons' waiver.

### III.

Accordingly, we will affirm the District Court's judgment of conviction and sentence and, in a separate order, will grant counsel's motion to withdraw.